UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Richard Kostuch, | Case No. 19-cv-0467 (ADM/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The World, | |
| Defendant. | |

Plaintiff David Richard Kostuch brings this lawsuit against the entire world.[1] Kostuch did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. [Doc. No. 2.] That IFP application is now before the Court and must be considered before any other action may be taken in these proceedings.

After review of the IFP application, this Court concludes that Kostuch qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed.

---

[1] A judge ordinarily must recuse herself when she is a party to the proceeding. *See* 28 U.S.C. § 455(b)(5)(i). But "there is a maxim of law to the effect that where all are disqualified, none are disqualified." *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976) (quotation omitted) (citing *Evans v. Gore*, 253 U.S. 245 (1920)). Any person sitting in judgment of this action must necessarily be an active participant of The World. *See Yovino v. Rizo*, – S. Ct – , 2019 WL 886486, at *3 (Feb. 25, 2019) ("[F]ederal judges are appointed for life, not for eternity."). Because no adjudicator can avoid being a party to this action, the undersigned declines to recuse from this litigation.

App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Kostuch's complaint is nearly impossible to follow. Aspects of the pleading appear to challenge the practices of several financial institutions; other aspects appear to challenge the validity of an arrest; others still appear discontented with various instances of disrespect. Other allegations defy explanation. None of the claims is spelled out in much (or any) detail, nor is any particular claim attributed to any particular actor; instead, the complaint meanders from one grievance to the next.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Still, the

claims raised by a plaintiff must at least be sufficiently pleaded to put the defendants on notice of the claims being brought against them.  In this case, no potential defendant could be said to be put fairly on notice of the specific claims that might be brought against them through the inchoate complaint.  And, of course, no proper defendant has been named to this action, with "The World" not being a legal entity amenable to suit.

Kostuch has not pleaded a viable claim for relief.  Accordingly, it is recommended that this matter be dismissed without prejudice.

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of Plaintiff David Richard Kostuch [Doc. No. 2] be **DENIED AS MOOT**.

Dated: March 13, 2019     s/ *Hildy Bowbeer*
Hildy Bowbeer
United States Magistrate Judge

### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).